IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW-YORK,

IN JANUARY TERM, 1818, IN THE FORTY-SECOND YEAR OF OUR
INDEPENDENCE.

---

## S. & J. RATHBON *against* BUDLONG.

THIS was an action of *assumpsit*, on a promissory note, tried before the Chief Justice, at the last *Albany* circuit.

The note was in the following words : " Ninety days after date, I promise to pay *S. & J. L. Rathbon*, or order, three hundred and two $\frac{92}{100}$ dollars, value received, for the *Susquehannah* Cotton and Woollen Manufacturing Company. *Albany, June* 24th, 1815. *Samuel Budlong*, agent."

The defendant gave in evidence a bill of parcels, headed as follows : " The *Susquehannah* Cotton and Woollen Manufacturing Company, bought of *S. & J. L. Rathbon,*" &c. at the bottom of which was the following receipt. " *Albany, June* 24th, 1815. Received payment, by a note payable in ninety days, which, when paid, will be in full of the above." It was admitted that the purchase of the goods of the plaintiff, and giving the note, were simultaneous acts. The defendant produced in evidence a power of attorney from the *Susquehannah* Cotton and Woollen Manufacturing

*An agent who makes a contract in behalf of his principal, whose name he discloses, at the time, to the person with whom he contracts, is not personally liable.*

*There is no difference, in this respect, between an agent for government and for an individual.*

Company, under their corporate seal, authorizing him to purchase and sell goods, &c. make bargains, &c. draw bills and promissory notes, for them and in their names, and generally to manage the business of the Company, as the defendant should think fit, &c. subject to the control and direction of the trustees of the Company, &c.

A verdict was found for the plaintiffs, for 347 dollars and 7 cents, subject to the opinion of the court, on a case, as above stated.

*Foot*, for the plaintiffs, contended, that the defendant had made the contract *personally*, and not in the name of his principals. The note was, " I promise to pay," &c. An agent or attorney cannot draw or sign bills or notes in the name of another, without a special authority for that purpose. Here the defendant had a special power; but he did not sign the names of his principals. (9 *Co.* 76. 1 *Str.* 705. Lord *Raymond*, 1418. 6 *Term Rep.* 176. 2 *East*, 142. *Appleton* v. *Binks*, 5 *East*, 148. *Buffum* v. *Chadwick*, 8 *Mass. Rep.* 103.) There is no distinction, in this respect, between contracts under seal, and contracts not under seal.

*Henry*, contra, was stopped by the court.

SPENCER, J. delivered the opinion of the court. It is perfectly manifest that the note, on which the suit is brought, was given by the defendant, as agent for the *Susquehannah* Cotton and Woollen Manufacturing Company, and that the goods for which the note was given were sold on the credit of that Company. To charge the defendant with the payment of the note, would violate every principle of justice and equity; nor is the law so unjust. The general principle is, that an agent is not liable to be sued upon contracts made by him on behalf of his principal, if the name of his principal is disclosed and made known to the person contracted with, at the time of entering into the contract. This doctrine is fully supported by the case of *Owen* v. *Gooch*. (2 *Esp. Rep.* 567.) In fact, there is no difference between the agent of an individual and of the government,

as to their liabilities.　The question, in all cases, is, to whom was the credit given ?

There are cases of covenants where persons have made themselves personally liable, because they have covenanted and bound themselves under seal, in which cases the principals were either not disclosed, or were not bound, or the agent meant to bind himself perso＾ lly.　In the present case, the credit was not only give, to the Company, but they were bound by the note of their agent; and there is not the least pretence to hold the agent responsible.

Judgment for the defendant.(a)

(a) Vide *Sheffield* v. *Watson*, 3 Caines' *Rep.* 69.