## THE TOWN OF HANOVER *vs.* THE TOWN OF WEARE.

When a pauper has once acquired a settlement in this state, it is not lost by gaining another settlement in another state.

An agreement, made by the selectmen of a town before an action is commenced against the town for relief furnished to a pauper, by which they engaged to waive the legal notice required by statute of the charges, &c., does not, at the trial of the action, bar the town from objecting to the want of notice in due form.

Such an agreement is merely executory ; and whether made with or without authority from the town cannot be specifically enforced, unless entered on the record.

But an action lies upon it for damages, if it was made for a sufficient consideration.

Those provisions in statutes, which were introduced for the benefit of particular persons, may be waived by those persons.

This was an action of assumpsit for relief, furnished to the wife and children of *John Kimball*, a pauper.

At the trial here, May term, 1819, on the general issue, the plaintiffs proved, that *E. Kimball* acquired a settlement in Weare about the year A. D. 1803; that *John Kimball* was his son, was born in Weare sometime previous, and was then a minor, resident in his father's family ; that *E. K.* afterwards removed with his family to the state of Vermont, and while living there *John Kimball* became of age and married ; that *E. K.* soon removed from Vermont to Hanover, and in A. D. 1805, was followed by *J. K.* and wife; who, with their children, have since become paupers, and have acquired no new settlement in this state.

To show that the defendants had been duly notified of the relief furnished, a writing was offered in evidence, which bore date August 30th, 1816 ; was signed by two of the selectmen of Weare, and purported to admit notice of the charges, &c., and also engaged to take no advantage of the want of notice in legal form. But this writing was signed some months before the present action was commenced ; and no evidence was offered of any special authority given to the selectmen to enter into such a contract.

A verdict was, however, taken by consent for the plaintiffs, subject to the opinion of the court, whether the settlement of *J. K.* was in Weare ; and if so, whether Weare was estopped to object to the sufficiency of the notice.

*Wheeler & Bell*, counsel for the plaintiffs.

*R. Fletcher*, for the defendants.

Hanover
*vs.*
Weare.

(1) 6 D. & E.
360.—1 N. H.
Rep. 197.

(2) 4 East
106.—10 Mass.
Rep. 411—11
Mass. Rep.
441.

(3) 1 N. H.
Laws 360.

WOODBURY, J.   The last settlement in this state of the father of *John Kimball* was in the town of Weare.   The son was then a minor, residing in his family, and hence acquired a derivative settlement from his father in the same place. Though both of them afterwards removed to Vermont and thence again to New-Hampshire, it does not appear that either of them, in either state, obtained any new settlement; and it is an established principle, that a settlement once acquired continues till a new one is obtained.(1)

It is also well established, that a removal to another state does not destroy a settlement acquired here; that the operation of all pauper laws is local; and that in disputes between our own corporations we can look only to settlements obtained within our own limits.(2)

*John Kimball* and his family then are chargeable to the town of Weare; and the plaintiffs would be entitled to judgment, if the evidence of notice could upon any legal principles be deemed sufficient.

But the 2d section of our act of June 27, 1909, expressly declares, that " in all cases, a notice in writing" of the sums expended and of certain other enumerated facts shall be given to the town or person chargeable with the support of the pauper.   The notice must be given by a sheriff and returned within a prescribed time.   " And no action shall be " sustained against any town or person for any sums ex- " pended as aforesaid, unless such notice has been given in " the manner aforesaid."(3)

As there is no pretence, in the present case, that " notice " has been given in the manner aforesaid," this action cannot " be sustained," unless the defendants could legally waive any objections on account of the notice, and have in truth so waived them as to be estopped from insisting on such objections at the trial of the cause.   The provisions in the statute as to notice were introduced for the benefit of those towns, who might be prosecuted; and it is a rational doctrine, that when statutory provisions are enacted for the benefit of individuals, and not on account of mere public considerations, they may be waived by those, for whose

benefit they were enacted. 1 *Inst.* 166, *a.*—1 *B. & P.* 192.—2 *East* 134.—1 *Mass. Rep.* 5.—6 *ditto* 245.—4 *ditto* 244, 645.—7 *ditto* 199.—*Consensus tollit errorem.*

But this waiver may be either proposed and executed at the same time, as is often the practice during a trial, or it may be proposed and agreed upon at a previous time, and afterwards be executed without objection.

In the present case there was, at the farthest, only an executory agreement to waive the objections ; and afterwards, at the trial, a refusal to fulfil that agreement. The case may be considered under this view, although the defendants deny the authority of the selectmen to bind the town by such an agreement without a special vote for that purpose,(1) and although it may be questioned, whether in the agreement they have used appropriate language to bind the town.

(1) 1 N. H. Laws 256, 240.

But it is unnecessary to settle either of those questions ; because we are satisfied, if the town itself had, by a special vote, entered into this executory agreement, and had afterwards refused to fulfil it, that the only remedy for the plaintiffs would be by an action for damages. As a court of common law, it would be altogether beyond our province to enforce a specific execution of it ; and a breach of this like a breach of any other executory agreement can be redressed by damages alone, unless the parties have access to a court of chancery where alone a literal or specific performance can be compelled.(2)

(2) Mitford's Pleadings 107 to 110, and auths. cited.

This distinction between executory and executed agreements is well known, well settled, and important. *Doug.* 21, *Stuart vs. Wilkins.*—15 *Mass. Rep.* 110.—1 *N. H. Rep. Langdon vs. Hathaway.*

But it is not always considered in practice, that the former is a mere promise to do, while the latter is a thing done, or the promise fulfilled ; and a stricter attention to all the consequences of this distinction would relieve many cases from much embarrassment.

Executory agreements, however, may sometimes be made to operate beneficially, for the parties interested, without a

resort either to an action upon them, or to a technical specific performance.

Thus they are often competent evidence, when neither a statute, nor the common law requires a different or higher species of evidence than what is furnished by the agreement. Hence it is daily practice to give in evidence under a plea of the statute of limitations an agreement to waive the statute, or an agreement, verbal or otherwise, that the debt shall still be paid. But in the present case the law expressly requires that the *notice* shall contain certain facts and be served and returned in a certain manner ; and evidence of a different kind of notice is consequently inadmissible.

So a covenant never to sue the plaintiff on a particular cause of action, being under seal, is virtually a release, and as such may be given in evidence to defeat an action for that cause.(1) But a covenant not to sue during a specified time is not virtually a release of the cause of action ; it is only an executory agreement to suspend a suit, and cannot be given in evidence to bar it.(2)

Executory agreements, when sealed, may sometimes avail a party by way of estoppel ; but it is unnecessary to enumerate the cases. When entered upon the record, they may, likewise, avail him on account of their solemn form and " incontrolable verity."(3) " A thing entered upon record cannot be varied." *Com. Di.* " *Record*" *F.*

But the executory agreement in the present case cannot under any of these views avail the plaintiffs in support of this action.

If it was made, however, on a sufficient consideration, a distinct suit may be sustained upon it against the selectmen or the town, according as the authority may have been under which it was signed, and as the force of the precise language may be which it employs.

*Verdict set aside.*

(1) Carth. 64. Bac. Ab. "Covenant." L.

(2) 2 Saund. 48, a. note.— 2 John, 473.— 3 Mass. Rep. 451.*

(3) Co. Litt. 352, a.—Com. Di. "Estoppel" A.—8 Coke 117.†

* 19 John. 129, Chandler *vs.* Herrick.      † 17 John. 461. Yates *vs.* Russell.