### THE TOWN OF HANOVER *vs.* SAMUEL EATON *et al.*

The selectmen of a town, being *ex officio* overseers of the poor, may bind the town, by a contract, not to take advantage of any defects in a notice given by another town, that a pauper has been relieved. And, if such contract be made expressly in behalf of the town, the selectmen will not be personally answerable for the breach of it.

THIS was an action of assumpsit, upon a written agreement, as follows:

" The subscribers, in behalf of the town of *Weare*, here-
" by acknowledge notice to have been given us by the se-
" lectmen of the town of *Hanover*, in relation to the support
" of the family of *John Kimball*, for which said selectmen of

" *Hanover* claim payment of us, and engage to take no ad-
" vantage, and will not hold them to furnish evidence of said
" notice having been done in the form prescribed by law.
" This acknowledgment extends to all claims for said sup-
" port, from the 8th March last past.

SAMUEL EATON, ⎱ Selectmen of
ABRAM MORRIL, ⎰    Weare.

" August 30, 1816."

The cause was tried here, at November term, 1822, upon
the general issue, when the making of the written agreement
was admitted ; and it appeared in evidence, that the de-
fendants were a majority of the selectmen of *Weare*, and
were *ex officio* overseers of the poor. It did not appear,
that any vote had been passed by the town, authorizing the
defendants to make the contract. On the trial of the cause,
to which the said agreement related, the town of *Weare* did
object to the notice, and obtained a verdict.

A verdict was taken for the plaintiff, subject to the opinion
of the court, upon the above case.

*Bell*, for the plaintiffs.

*R. Fletcher*, for the defendants.

RICHARDSON, C. J. In cases of this kind, the question is,
did the agent intend, and had he authority, to bind his princi-
pal ? And this intent is to be collected, not only from the
written contract, but from the circumstances of the parties
at the time. *Hodgdon vs. Dexter.*—1 *Cranch* 345, *Unwin vs.
Woolsey.*—1 *D. & E.* 674, *Mac Beath vs. Haldimand.*—1 *D.
& E.* 172.—4 *Mass. Rep.* 595, *Tippetts vs. Walker.*—5 *do.*
164.—9 *do.* 335.

There is in this respect no difference between an agent of
government, and an agent of an individual. 15 *John.* 1, *Rath-
bone vs. Budlong*.

The first question is, had the defendants authority to bind
the town ? On this question, we entertain no doubt. It has
never been doubted in this state, that counsel employed by a
town to manage a cause, might waive any objection to a notice,
and bind the town ; and it hardly admits of a question, that the
overseers of the poor have as much authority in this respect
as counsel. 12 *Mass. Rep.* 307, *Embden vs. Augusta.*—16 *do.*
102.

Hanover
*vs.*
Eaton et al.

The next question is, did the selectmen in this instance in-tend to bind the town ? They sign the contract as selectmen, and state in it that they act in behalf of the town ; and we en-tertain no doubt, that the understanding of both parties was, that the town of *Weare* should be bound. It follows, that these defendants are not liable.

*Verdict set aside, and plaintiffs nonsuit.*