## LEE *vs.* DEERFIELD.

Where a pauper is shewn to have actually stood in need of relief, and supplies to have been furnished, by order of one of the selectmen of the town, where he happened to be, the assent of the other selectmen, to the furnishing of necessary supplies, may be presumed by a jury.

In order to maintain an action against a town for supplies furnished to a pauper, it is not necessary that the town, bringing the action, should shew that it had paid for the supplies furnished before notice was given to the town chargeable.

ASSUMPSIT for the support of a pauper. The cause was submitted to the decision of the court, upon the following facts.

The pauper had a legal settlement in the town of *Deerfield*, and, being sick in *Lee*, and unable to support himself, and standing in need of relief he made application to one of the selectmen of *Lee*, who ordered supplies to be furnished to him. But no application was made to the other two selectmen of *Lee*.

At the time notice was given to *Deerfield*, that the pauper had become chargeable, nothing had been actually paid by the town for the supplies furnished to the pauper.

*Bartlett*, for the plaintiff.

*Sullivan*, for the defendant.

*By the court.*—It is contended, that the town of *Deerfield* is not liable for the supplies furnished in this case, because they were furnished by the order of only one of the selectmen of *Lee*, and so must be considered as furnished without the authority of the selectmen. But the statute of June 27, 1809, sec. 2, (1 *N. H. Laws* 359,) enacts, " that, when any

" person, in any town or place in this state, shall be poor,
" and unable to maintain him or herself, such person shall
" be relieved and maintained by the overseers of the poor
" of such town or place, where such person shall happen to
" be ;" and by the statute of Feb. 8, 1791, the selectmen
are made overseers of the poor, when such officers are not
particularly chosen. 1 *N. H. Laws* 240.

And we are of opinion, that, when one of the selectmen of
a town orders supplies to be furnished to a person entitled to
relief, the assent of the other selectmen is to be presumed ;
because it is their duty to assent. It would be extremely
inconvenient, if no supplies could be furnished to paupers,
without the express consent of a majority of the selectmen ;
while no inconvenience can result from holding, that proper
supplies, furnished on proper occasions by order of one of the
selectmen, shall bind the town in the same manner, as if
furnished by the express order of all the selectmen.

It is also contended, that *Lee* is not entitled to recover,
because, at the time notice was given to *Deerfield*, that the
pauper had become chargeable, nothing had been actually
paid for the supplies furnished. But it seems to us, that it
is not necessary that the town should have paid for the sup-
plies. It is the relief afforded, that creates the debt. The
" sums expended," in the statute, means the value of the
supplies furnished. Some towns maintain their poor in a
poor house ; and in such cases it would hardly do to hold,
that all the bills, for supplies furnished to such a house, must
be paid, before the town can give notice to another town,
that a particular person has become chargeable.

We are of opinion, that, upon the facts stated, there
must be

*Judgment for the plaintiffs.*