## The Town of LYMAN *versus* HUSE LULL, *et a.*

In debt by a town upon a bond with condition to save the town harmless from the support of an illegitimate child, the breach of the condition was, that the town had expended $20 for the support of the child, upon which issue was joined—evidence that the child had been supported several weeks at the expense of the town, was held sufficient to maintain this issue on the part of the town, although no money had been actually paid by the town for the support.

A plea, in such a case, that adequate provision had been made for the support of the child, of which the town had notice, without an averment that the child was in the custody of the town, and that the town refused to let the defendant support it, is no answer to the action.

DEBT upon a bond. The defendants craved oyer of the bond, and of the condition, which was, in substance, that the defendants should save harmless and indemnify the town of Lyman from all manner of expenses, damages, costs and charges, which should be imposed on said town by reason of the maintainance, education, and support of an illegitimate child of Ruth Buffum. The defendants then pleaded in bar—

1st, Performance of the condition. To this the plaintiffs replied, that the said child being an inhabitant of said town, and being poor and standing in need of relief, the said town necessarily expended in its support between the 20th March, and the 5th July, 1826, $20, and upon this allegation issue was joined.

2d, That the defendants made adequate and suitable provision for the support of the child at the house of W. N., and notified the plaintiffs thereof, and requested the plaintiffs to permit the child, in case it became a pauper, to be removed there, and maintained, which the town refused. To this the town replied, that the said child was on the 20th March, 1826, poor, and unable to maintain itself, and on this allegation issue was joined.

The cause was tried here at November term, 1827, when it appeared in evidence, that in March, 1826, the said child became poor, and stood in need of relief, and that the overseers of the poor of the said town agreed with a person to take the child at an agreed price of fifty cents per week, under which agreement the child was supported several weeks before the commencement of this action, but nothing was actually paid for the support, by the town. The defendants objected, that this evidence was not in law sufficient to maintain the issues on the part of the plaintiff, but a verdict was taken for

the plaintiffs subject to the opinion of the court upon the foregoing case.

*Lyman v. Lull.*

*Goodall*, for the plaintiff.

*Bell*, for the defendants, contended, that where the condition of a bond is simply to indemnify and save harmless the obligee from the payment of a debt, or damages, the condition is not broken until the obligee has been compelled to pay, or having become liable, has actually paid the debt; and that in this case, as the evidence did not show an actual payment, it was insufficient to sustain the issues on the part of the plaintiffs. 1 Chipman, 164, *St. Albans* v. *Curtis*; 3 Cowen, 313; 4 Cowen, 253.

In the case of *Lee* v. *Deerfield*, 3 N. H. Rep. 290, the payment had not been made when the notice was given to Deerfield. But it has not yet been decided that the action can be sustained for money paid before the payment of the money.

The question is not whether the town of Lyman has been injured generally, but whether injured by expending $20 in the support of the child, as alleged in the replication.

But however the law may be on this point, the defendants are entitled to judgment, notwithstanding the verdict. For it is alleged in one of the pleas, that adequate provision was made for the support of the child of which the town had notice; and this is not denied nor answered.

Richardson, C. J. It is said on behalf of the defendants, in this case, that the evidence was not in law sufficient to sustain the issues on the part of the plaintiff. We shall, in the first place, consider the question, whether previously to the commencement of this suit the town had sustained any damage whatever against which the defendants were bound to indemnify?

It is well settled, that a mere liability to pay is not a breach of the condition of a bond to save harmless.

But a liability attended with any inconvenience to the obligee, is a damage, which is within the meaning of the condition. Yelv. 207, *Rosse* v. *Pye* ; 5 Coke, 24, *Broughton's Case* ; 10 Mass. Rep. 46, *Fish* v. *Dana* ; Com. Dig. Condition I ; 1 Rolle's Ab. 432 ; Cro. Eliz. 672, *Morris* v. *Lutterell* ; 1 Ventris, 261 ; Cro. James, 339, *Freeman* v. *Sheen.*

In this case, the overseers of the poor had taken charge of the child as a pauper, had procured a place for it, had made a contract for its support, and had thus procured it to be supported and maintained on the credit of the town, for several weeks before the suit was commenced. What was thus done by the officers of the town, may well be considered as done by the town, and was something more than a mere liability to support. It was, in fact, an actual maintenance of the child ; and a damage against which the defendants are bound to indemnify the town.

But it is necessary that the breach of the condition should be proved substantially as alleged. 1 Chitty's Pl. 556. We shall, therefore, in the next place enquire, whether there is a variance between the allegations in the case, and the proof.

In the case of *Lee* v. *Deerfield*, 3 N. H. Rep. 290, we had under consideration the clause in the statute of June 27, 1809, which declares, that a town which has supported a pauper not belonging to such town, may recover of the town or person chargeable "all such sums as they shall have expended," and we held in that case, that "the sums expended" meant the value of the supplies furnished. Nothing has since occurred to our minds, which has led us to doubt the correctness of that decision, and we are of opinion that the same rule of construction may be safely applied in this case ; and that the allegation that twenty dollars had been expended in the support of the child, may well enough be construed to mean that supplies to that amount had been furnished.

Lyman
*v.*
Lull.

We think it clear, that if it had been shown that the child had been supported at a poor house belonging to the town, the evidence would have been sufficient to support the allegation in this case ; and we think that between that case and this there is no solid ground on which to found a distinction.

We are, therefore, of opinion, that no good cause is shown, why the verdict in this case should be set aside.

But it is moved on behalf of the defendants, that judgment be rendered for them notwithstanding the verdict.

If the defendants had pleaded, that before any expense was incurred by the town, the overseers of the poor took the child and refused to let the defendants have the child to support, it might, perhaps, have been a good plea. But a plea alleging that the defendants had made suitable provisions for the support of the child of which the town had notice, without an averment that the child was in the custody of the officers of the town, and that they refused to let the defendants support the child, is clearly no answer to this action. The cases of *Strangeways* v. *Robinson*, 4 Taunt. 498, and of *Richards* v. *Hodges*, 1 Mod. Rep. 43, are directly in point.

It was not enough, that the defendants had made suitable provision for the support of the child at a particular place ; it was their business to see that the child had the benefit of the provision, unless prevented by the officers of the town.

*Judgment for the plaintiffs.*