## ANDOVER *vs.* GRAFTON.

SELECTMEN have power to bind their town by a promissory note given for the support of a pauper legally chargeable upon the town.

And they may do this for support furnished by the selectmen of another town where the pauper is resident, notwithstanding no legal notice has been served on them, provided the time has not expired in which such notice may be given.

But a note signed by one only of the selectmen with his own name, " for the selectmen," is not the promissory note of the town.

And other evidence cannot be received to render such note valid against the town, by showing that another of the selectmen authorized the one who so signed, to settle the account, and give a note.

Andover
<i>vs.</i>
Grafton.

ASSUMPSIT. The declaration contained a count upon a promissory note of Grafton, signed by Lovell Kelton as agent ; also counts for money had and received, and money paid.

At the trial, in the common pleas, the plaintiffs produced a note, as follows :

FEBR'Y 19, 1833.   Value received, Town of Grafton promises to pay Town of Andover fifty dollars eighty-two cents, on demand and interest.

LOVELL KELTON,
<i>For the selectmen of Grafton.</i>

It appeared in evidence, that prior to the date of the note one Barney Saunders, then a resident in the town of Andover, made application to the selectmen of that town for relief, as a pauper : that the selectmen of Andover furnished the relief, and sent a message to the selectmen of Grafton, where Saunders had his legal settlement, stating these facts ; but no formal notice in writing, stating the sums expended, was served on them.   Within ninety days of the time when the first relief was so furnished, said Kelton, then one of the selectmen of Grafton, adjusted the account for the expenditures, and gave the note in question,—another of the selectmen having agreed that said Kelton should settle the expense and give a note.

The defendant's counsel contended that the selectmen had no authority to bind the town, for the support of a pauper, by a promissory note ; and that if any such authority existed in any case, it could only be done upon a legal liability to maintain, and after the service of a legal notice

upon them. But the court directed the jury, that Saunders having his settlement in Grafton, the selectmen had authority thus to bind the town by a note for the amount of the relief furnished, without a formal notice; the adjustment having been made, and the note given, before the expiration of the time in which a legal notice might have been served, and the town of Grafton made liable to a suit for the amount.

The jury having returned a verdict for the plaintiff, the defendants moved for a new trial.

*I. Bartlett,* for the defendants, cited *N. H. Laws* 453; 2 *N. H. Rep.* 254, *Sanborn* vs. *Deerfield; 5 Conn. Rep.* 367, *Griswold* vs. *North Stonington; 6 Mass. Rep.* 502, *Dalton* vs. *Hinsdale; 3 Mass.* 436, *Salem* vs. *Andover;* 2 *N. H. Rep.* 470, *Rumney* vs. *Allenstown; 3 Pick. Rep.* 207, *Mills* vs. *Wyman; 3 Bos. & Pul.* 247, *Wennall* vs. *Adney; 6 N. H. Rep.* 386, *Copp* vs. *Sawyer; 16 Mass. Rep.* 48, *Norton* vs. *Mansfield.*

*Nesmith,* for the plaintiffs, cited 12 *Mass. Rep.* 309, *Embden* vs. *Augusta;* 13 *Mass.* 555, *Andover* vs. *Canton;* 16 *Mass.* 102, *Shutesbury* vs. *Oxford; 3 N. H. Rep.* 38, *Hanover* vs. *Eaton; N. H. Laws,* 457; 1 *Pick.* 123, *Belfast* vs. *Leominster.*

PARKER, J. Selectmen have not a general authority to bind their town by note, or any other contract. Their authority is limited, and they bind the town only when acting within the scope of it.

They have the power of managing all the prudential affairs of the town. *N. H. Laws,* 453.

They are specially required, in case of the insufficiency of highway taxes, to cause highways and bridges to be repaired at the charge of the town, so as to render them safe and passable. *Ditto,* 579. They may of course pledge the credit of the town for the necessary labor and materials,

and the contract they make will be binding upon the town, both as to price and time of payment.

So when any person is poor and unable to maintain him or herself, such person is to be relieved and maintained by the overseers of the poor (who are usually the selectmen) of the town where such person shall happen to be ; (*N. H. Laws*, 305) certainly not at their own charge, nor upon their own credit, but at the charge of the town ; and if, as often happens, funds sufficient are not provided, then on the credit of the town. And the selectmen may make a contract for the maintenance of such poor person, and agree upon a price and time of payment.

They are also required to pay executions against the town out of any money in their hands,—and if they have none, may assess and collect it in thirty days ; and if such execution is not paid within sixty days after notice from the officer, their bodies, goods and estates are liable. *N. H. Laws*, 108. And it has been already decided that they may pay existing debts of the town which are of a character requiring immediate payment, and recover the amount of the town. *2 N. H. Rep.* 251, *Sanborn* vs. *Deerfield*.

There are certain cases, then, in which it is within the scope of their authority to bind the town by their contract. There is surely no reason why those contracts may not be reduced to writing ; and there is good reason why they should be, in many instances, as it tends to prevent misunderstandings, and uncertainty as to the terms of the contract.

If their contract may be reduced to writing so far as the service to be performed is concerned, it may, on the other hand, be so with respect to the sum and time of payment. Nor is it essential that their contract for payment should possess any particular form. It may take the shape of a promissory note as well as any other form. 1 *Pick.* 128, *Belfast* vs. *Leominster.*

If authority to give a promissory note would subject the

town to greater disadvantages than any other form of written contract, there might be an objection to holding that they have authority to put the contract in this shape. But none are suggested in the argument, nor are any perceived.

If a recovery could be had upon a promissory note signed by the selectmen, upon proof merely of the execution of it, there would be an objection to permitting them to bind the town by such a contract, as it would place the town in a more disadvantageous position in the defence, than a contract in another shape. It would cast upon them the burden of proving that the note was given under such circumstances that it was not binding upon the town, for want of consideration or authority in the selectmen to give it.

But it is apparent that such cannot be the case. The authority of the selectmen to bind the town by contract being a limited authority, it will be necessary for the holder to prove, notwithstanding it purports to be for value, that it was given by the selectmen acting within the scope of their authority, as he cannot otherwise show them agents for the purpose. Of course he must show that the note was given for materials or labor in repairing highways, or for the support of a pauper, or for some other matter in which the selectmen were authorized to bind the town. And this being done, the whole matter of a want or failure of consideration, or any other defence, is as open to the town as if the contract, instead of being expressed to be for value received, had contained the stipulations to be performed on the other side, or had set forth that in consideration the promissee had performed such a service, it had been agreed by the selectmen that he should be paid a certain sum.

Nor is it any objection, that, if the contract may take this shape, it may be made negotiable, and the town thus be made liable to pay a third person. It is ordinarily immaterial to the town to whom payment is to be made. The selectmen are not confined to the employment of an individual, but have power to contract with one or another in

the first instance. If the contract was in any other shape, the beneficial interest in it might be assigned, and the interest of the assignee would be protected. And an endorser, who should take such note, even before due, would receive it subject to a liability to make the same proof respecting the authority of the selectmen to execute it, in that particular case, as would be required of the promissee; and of course must be chargeable with notice of all the facts, and the note in his hands be liable to the same defence as in the hands of the original promissee. *Vide* 5 *Taunt.* 792, *Slark* vs. *Highgate Archway Company.*

There are cases, then, in which selectmen may bind the town by a promissory note. Is this case of that character?

It is objected, that the selectmen had no such authority here, because no legal notice that the pauper was supported by Andover had been served on them.

A notice is the necessary foundation of a suit to enforce the legal liability of the town in which the settlement is; but it has never been supposed that it was necessary a suit should be commenced, if the selectmen were willing to pay. It is their duty to pay, if they have funds, and are satisfied of the liability of their town; and if they have not funds in their hands, they ought in prudence to make some arrangement, if practicable, which will prevent cost.

If, then, they receive information in any way that a pauper who has his settlement in their town is receiving support in another, and that it is intended to charge the town for such support, and this within the time the law allows for a legal notice, they may act upon such information. There is no obligation upon them to wait, and endeavor to avail themselves of all technical mistakes which may be made by the other party; and this would seem to be the only reason why they should wait, if the pauper has his settlement in the town they represent. This is sometimes done; but we perceive neither the legal obligation, nor the moral duty, which points to such a course.

It has even been held that the selectmen may bind the town by a contract not to take advantage of any defects in a notice. 3 *N. H. Rep.* 38, *Hanover* vs. *Eaton.* Although such contract could not be specifically enforced, because not made in court, and forming therefore no part of the record. 2 *N. H. Rep.* 131, *Hanover* vs. *Weare.*

This objection, therefore, must be overruled.

Another objection, however, appears upon the face of this case, which is, that the note is signed by but one of the selectmen. He signs his own name, "for the selectmen," and his agency was that of a selectman only.

The general rule is, that where an authority for private causes is given to two or more, all must join in executing it. *Co. Litt.* 181, *b.* ; 2 *Inst.* 380 ; *Bac. Abr., Authority C.* ; 12 *Mass. Rep.* 185, *Kupfer* vs. *The South Parish in Augusta ;* 2 *Pick.* 253, *Damon* vs. *Granby ;* 3 *Pick.* 244, *First Parish in Sutton* vs. *Cole ;* 6 *Pick.* 198, *Copeland* vs. *Mercantile Insurance Company ;* 5 *Binn.* 481, *Case of Baltimore Turnpike.*

But by our statute, in all cases where any thing is enjoined to be done by the selectmen of any town or place, it shall be sufficient if done by the major part of such selectmen. *N. H. Laws,* 453.

A majority of the selectmen might in this case have lawfully bound the town, by executing a note for that purpose, but this note purports on its face to be executed by one only, acting for the others. It appears from the case, that another of the selectmen had previously assented that Kelton, who signed the note, should settle the account and give a note.

A delegated authority, however, can in general be executed only by the persons to whom it is given ; and where the authority is given to several, one of the number cannot be substituted. 3 *Merivale's Rep.* 237, *Blore* vs. *Sutton ;* 12 *Mass.* 237, *Emerson* vs. *The Providence Hat Manufacturing Company ;* 4 *Mass.* 522, *Inhabitants of Stoughton* vs. *Baker ; Payley on Agency,* 148 ; *Bac. Abr. Authority D.*

There are cases in which one selectman may act and bind the town, with the assent of the others; and in some cases the assent of the others may be presumed. 4 *Green. Rep.* 298, *Inhabitants of Windsor* vs. *Inhabitants of China;* 3 *N. H. Rep.* 290, *Lee* vs. *Deerfield.*

But this principle cannot in our opinion be applied to written contracts or official signatures.

A majority of the selectmen may lay out a highway. Should one of them give to another authority to settle the place of location, and lay out the way, and that other do so, and make a return, signed by him "for the selectmen," it would clearly not be good. So if they agreed upon the place, a return of their doings, signed by one, for the others, would be insufficient.

So an indenture executed by one, 'for the selectmen,' would not carry upon its face evidence of an execution by a majority of the selectmen so as to bind the town.

Parol evidence of the assent of another of the selectmen could not in such case add his signature; and so in this case, parol evidence of a delegation of authority by another of the selectmen cannot be admitted to supply his name to the note, or make it the promissory note of the town. 3 *Stark. Evid.* 997; *ditto* 1006.

Had the selectman who signed the note, placed with his own name that of the other selectman who authorized him to settle the account and give a note, perhaps the evidence respecting the authority might have been sufficient to have rendered it valid, as it would then have purported to carry on its face evidence that it was the act of the town, by a majority of the selectmen; but even in that case it would deserve consideration, whether authority to do this could be delegated, and whether it could be legally done unless the other selectman was present, and assenting at the time of the execution of the paper. 4 *D. & E.* 313, *Ball* vs. *Dunsterville; Bac. Abr., Authority, C.*

Whether the corporate name, if affixed alone, might not

have been sufficient, coupled with evidence shewing it to have been placed there with the assent of a majority of the selectmen, we have not considered, as that was not the mode of execution adopted in this case. A similar objection to that last suggested would arise in such case.

*Verdict set aside and new trial granted.*