Curia, per

Earle, J.
The precise question made here, was decided in Fash vs. Ross, 2 Hill, 294, and in Taylor vs. M'Lean, 1st M'Mul. 352. And it would be difficult to add any thing to the reasoning of the court in the former case. In both these cases the note sued on was signed by the defendant for another. And the proof was that the defendant, as agent, not only disclosed his principal, but had authority to sign for him, and to bind him. But the evidence was regarded as inadmissible to vary the plain import of the terms in which the undertaking was expressed, and which was construed to be the personal undertaking of the defendant.
The case of Rathbone vs. Budlong, 15 John. 1, so much insisted on, even if it were authority in this court, in opposition to cases decided here, was different from either of those referred to. There the defendant exhibited a power of attorney, under the seal of the chartered company, for whom he contracted, appointing him their agent, with authority to draw notes for them. In the case before us there was no attempt to prove that Cooper had authority, either verbal or written, to sign notes for the Limestone Springs company. The inquiry, therefore, whether the plaintiff gave credit to the company, would be wholly immaterial, if parol evidence of that kind were admissible, as the company, in fact, were not bound. The motion is refused.
Richardson, Evans, and Butler, JJ. concurred.
Wardlaw, J. absent at the argument.