## HANSON *v.* ROWE, APP'T.

A writ to which the name of the justice of the peace before whom it is returnable, is affixed by his direction and in his presence, is legally signed by such justice.

APPEAL from a judgment rendered by Aaron Cilley, jr., a justice of the peace. It appeared that the writ was not signed by the proper hand of the magistrate, but on being presented to him for his signature before service, he directed another person to sign it, who, thereupon, in his presence and in pursuance of his said direction, subscribed the name of said Aaron Cilley, jr., to the writ. On the appeal, in the court of common pleas, the defendant submitted a motion that the action be dismissed on the ground that the writ was not signed by said Cilley as magistrate.

*Butterfield,* for the plaintiff.

*W. W. Flanders,* for the defendant.

WOODS, J. The Provincial Stat. 11 William III § 6, (Pro. Laws, 7,) provides that " writs and processes for trial before a justice of the peace, be granted by such justice, directed unto a constable or constables, and to be executed seven days before the day appointed for such trial, and to be returned to the justice."

The next statute on the subject, that of 1791, provides that " all writs issuing from any justice of the peace, shall be under seal, signed by the justice, and may be directed to the sheriff, or his deputy, of the county for which such justice is commissioned, or to any constable of any town in the same county ; and writs for trial before any justice of the peace, shall be served and executed seven days before the day of trial, and shall be returned to the justice issuing the same."

The statute of June 22, 1810, enacts that " all writs issu-

---
Hanson v. Rowe.
---

ing from justices of the peace, shall be served fourteen days before the time of trial."

The Revised Statutes chap. 182 §§ 4 and 5, provide that writs issued by justices of the peace shall be directed to the sheriff of the county, or his deputy, or to any constable of any town in the county, or to either of said officers. They shall be made returnable before such justice at a day, hour and place named therein, and shall be signed by him."

The question presented by this case is, was the writ signed by the justice of the peace by whom it was issued, in conformity with the requirement of the Revised Statutes ?

In all cases in which a man has power as owner, or in his own right to do a thing, he may do it by deputy. But delegated power, and ministerial office required in terms to be executed by the officer himself, cannot be delegated. And a judicial officer cannot make a deputy. Com. Dig. Officer D. 2, Attorney C. 1 ; *Andover* v. *Grafton*, 7 N. H. Rep. 298.

The expressions " issued by," " issuing from," and " granted by," used in the various statutes which have successively been in force relating to this. matter, help to confirm the construction which must be given to the phrase in question. The writ owes its validity to its having passed from the magistrate, by his own voluntary act, and on principles of common law, and by the clear meaning of the statute, this power of issuing, granting or signing a writ, is one which must be holden to be incapable of being delegated by the justice to any other person.

But a deed, required by the statute of Frauds to be signed by the grantor, or his agent, lawfully authorized in writing, has been held to be well executed when signed at the direction of the grantor, and in his presence, by another person, without any written authority to do so. *Ball* v. *Dunsterville*, 4 T. R. 313; Greenleaf's Cruize Tit. 32 chap. 2 § 60 ; *Rex* v. *Longnor*, 1 Neville & Man. 576 ; *S. C.* 4 Barn. & Ad. 647; Story on Agency, § 51.

Hanson *v.* Rowe.

In contemplation of law, the name of a party affixed to an instrument by his direction, and in his presence, is affixed by himself; whether he in fact puts his hand upon the pen or not. And it could have been upon no other principle that the cases of *Ball* v. *Dunsterville* and *Rex* v. *Longnor* were decided. The principle seems a sound one. It is recognized in the opinion of the court, delivered in the case of *Andover* v. *Grafton*, and there seems to be no objection to its application in the present case. The sign of the magistrate was placed upon the writ, by a mechanical act performed in his presence and under his immediate direction and inspection, and was to every legal intent as much his sign manual as if his own hand had guided the pen which traced it.

*Motion denied.*