## George W. Stevenson vs. James W. Taylor.

Replevin, under our statute, is a possessory action and may be brought against the agent of a party, if the property is actually in his possession, instead of the principal, whether the original taking of the property was lawful or not.

*Kalamazoo Circuit, May,* 1871.

*R. F. Hill,* for Plaintiff.

*J. W. Breese,* for Defendant.

*By the Court,* BROWN, J.—In this case the plaintiff sued out a writ of replevin to recover possession of two trunks and contents.

The defendant interposes a plea in abatement, setting up that he received and held the goods as the agent of the American Merchants Union Express Company, a corporation organized under and by virtue of an act of the Legislature of the State of New York, lawfully authorized to transact and carry on the business of an express company and common carrier, in the State of Michigan, and to sue and be sued as such, in this State—and that he retained the goods in question as the agent of said company. to secure payment for the charges of their transportation. To this plea the plaintiff demurs. Joinder in demurrer.

The special grounds of demurrer assigned are :

1. For that the said James W.Taylor by his plea aforesaid, has admitted himself to be the person named the defendant in

and by the aforesaid writ and declaration of him the said plaintiff.

2.   And for that the said defendant in and by his said plea has admitted that he was in possession of the goods and chattels described in the said writ and declaration.

3.   And also for that the matter set forth in said plea is matter of defence upon the trial upon the merits, and not the proper matter to plead in abatement.

It has been held that in cases of known agency, the principal alone is liable to third persons for any omission or neglect of duty in the matter of the agency. 2 *Com.*, 126 ; 2 *Denio*, 115 ; 10 *John*, 387 ; *Story on Agency*, § 391, p. 518 ; 15 *John.* 1 ; 18 *Id.*, 155.

And yet it has been held that an agent or servant, though acting *bona fide*, under the directions and for the benefit of his employer, is personally liable to third persons for any tort or trespass he may commit in the execution of the orders he has received. If the master has not the right or power to do the act complained of, he cannot delegate an authority to the servant which will protect the latter from responsibility. 1 *Chitty's Pl.*, 84. It is true that in *Chapman vs. Andrews*, 3 *Wend.*, 242, it was held that *replevin* would not lie against a receiptor of goods taken by virtue of an execution ; but it must be borne in mind that that case was decided upon the ground that replevin could be maintained only where trespass would lie ; and Chief Justice Savage, in the decision of that case says : " The doctrine of this Court I consider as settled, that replevin lies for such a taking as will sustain an action of trespass *de bonis asportatis*." The action could not be maintained at common law unless the original taking was unlawful ; and if the original taking was lawful and the detention only was wrongful, *ditinue* was the action to be brought.

But "replevin under our statute is peculiarly a possessory action ; and its primary object is to enable the plaintiff to obtain the actual possession of property wrongfully detained."— 12 *Mich.*, 100 ; *C. L.*, § 5005. It is conceded that the defendant, Taylor, had the custody of the goods. He detained them in his own power, and the detention of property in one's own

power, is, in law, possession; and it matters not that this power is derived from another and is being exercised in subordination to his will. In other words, when it is said that the possession of the agent is deemed the possession of his principal, it is meant, simply, that the *actual* possession of the agent, if rightful, shall be recognized as the *lawful* possession of the principal. This being so, it follows that if the possession of the agent is unlawful, the principal cannot be said to have a legal possession. With this view of the case it is unnecessary to examine the other points raised by the demurrer.

The demurrer must be sustained.