SARAH M. DURSTON *vs.* ALFRED H. BUTTERFIELD.

Where an agent contracts for a known and responsible employer, he incurs no personal responsibility, to third parties; unless he makes himself liable by a special agreement, or there are special circumstances.

B., acting as the agent of A. & Co., ordered of M. eight barrels of petroleum oil, saying that A. & Co. wanted the oil to sell, and directing M. to send it to them, and they would pay for it. A written bill of sale was made out, at the time, to A. & Co. as purchasers, and sent with the oil, to the latter, who were responsible persons. *Held* that in the absence of any special agreement, or special circumstances, by which M. was authorized to hold B. liable, the latter was not responsible for the price of the goods.

APPEAL, by the defendant, from the judgment of the county court of Onondaga county, affirming a judgment of a justice of the peace.

*Edwin S. Butterfield;* for the appellant.

*Ruger, Wallace & Jenney,* for the respondent.

*By the Court,* TALCOTT, J. This was an action to recover the price of eight barrels of petroleum oil alleged to have been sold and delivered to the defendant by one D. B. Mills, who kept a store in Syracuse, at the time of the sale. The plaintiff claims as assignee of the claim. There was a question on the trial as to the identity of the person who made the purchase. The clerk and book-keeper of Mills, who made the sale, and the plaintiff's husband, who was present at the sale, both

pointed out and identified a brother of the defendant as the person who acted in making the purchase, but there was perhaps some evidence, sufficient to go to the jury, on the question of identity. The only question which it will be necessary to consider is, whether, by whichever of the brothers the oil was ordered, it was not ordered for the account and on the credit of J. S. Atwell & Co., who appear to have been merchants at Chittenango. Charles O. Butterfield, who testified that he was the person who ordered and made the bargain for the oil, also testifies that he went to Mills' store and ordered the oil for Atwell & Co. That he told Mills that Atwell & Co. wanted the oil to sell, and to send it to them, and they would pay for it. This statement is not contradicted by the clerk and book-keeper of Mills, who officiated in making the sale, but on the contrary his statement is to a great extent corroborative of that of Charles O. Butterfield. Nor is there anywhere in the evidence any contradiction of this on the part of the plaintiff. On the other hand, as appears by the testimony of the clerk and book-keeper, a written bill of sale of the goods to Atwell & Co. as vendees, was made out by him at the time, and the oil was forwarded to Atwell & Co. and the bill of purchase sent to them. They received the oil, but returned seven barrels of it, apparently for the reason that these seven barrels were not merchantable. The oil in them was shown by the inspection and analysis of a competent person to be of a highly explosive and dangerous character.

The testimony seems to be very clear, and in the absence of all contradiction conclusive, to the effect that the oil was ordered by Butterfield not on his own account, but for J. S. Atwell & Co., who were disclosed as the principals and vendees at the time. It is not pretended but that Butterfield was authorized by Atwell & Co., nor but that they are responsible parties. The law is well settled that where an agent contracts for a known and

Durston *v.* Butterfield.

responsible employer, he incurs no personal responsibility to third parties. (*See Smith's Merc. Law*, 3*d* ed., 209.) Lord Bacon says in *Owen* v. *Gooch*, (2 *Esp.* 568,) "whenever an order is given by one person for another, and he informs the tradesman who the person is for whose use the goods are ordered, he thereby declares himself to be merely an agent, and there is no foundation for holding him liable."

This rule was approved in *Rathbon* v. *Budlong*, (15 *John.* 1,) and in several later cases. That the person who acts as the agent for another in purchasing goods may make himself personally liable, is not doubted; but this arises only by virtue of some special agreement or special circumstances, and does not grow out of the mere fact that one orders goods for the use of another, who is made known to the seller at the time, and where the seller is informed that the party for whose use the goods are ordered is the party to pay for them. No special agreement or special circumstances by which the seller was authorized to hold Butterfield liable are shown in this case.

On the contrary, all the proof tends to show that all parties understood that Butterfield in ordering the goods was acting merely in behalf of Atwell & Co., and that they were the parties to pay for the same. This principle of law seems to have been overlooked by the court below, as well as in the justice's court, and for this reason both judgments must be reversed.

Judgment of county court and that of the justice reversed.

[FOURTH DEPARTMENT, GENERAL TERM, at Rochester, April 1, 1873. *Mullin, Talcott* and *E. D. Smith*, Justices.]