## Inhabitants of UNITY *vs.* Inhabitants of THORNDIKE.

With regard to the poor, the overseers are the authorized agents of their town, and may waive any objection arising from informality in a notice or answer; and may receive as legal, a verbal, instead of a written answer to a notice.

EXCEPTIONS from the Court of Common Pleas, PERHAM J. presiding.

In assumpsit to recover supplies furnished to one *Sally Severance*, alleged to have a settlement in *Thorndike*, it was proved by the plaintiffs, that a written notice, as required by law, was seasonably given by them to the defendants; that the supplies were furnished as charged ; and that when furnished to her, *Sally Sever-*

*ance* had fallen into distress in *Unity,* and stood in need of immediate relief. The defendants then proved, that within two months from the receipt of the notice from the plaintiffs, two of the overseers of the poor of *Thorndike* verbally notified two of the overseers of the poor of *Unity,* that *Sally Severance* had not her residence in their town, and that they should do nothing about it, and asked the overseers of *Unity,* if they would receive a verbal answer as a legal one, and the reply was, that they would. The overseers of *Thorndike* further stated to the overseers of *Unity,* that they would give the answer in writing if required, the reply to which was, that they would not require a written answer, and that it was not best to be difficult about such matters. The Judge instructed the jury, that the overseers of the poor of *Unity* had authority to waive any objection to the answer not being in writing, required by the language of the statute, and to accept a verbal answer, as a legal one. On the return of the verdict for the defendants on the whole case, the plaintiffs filed exceptions to this ruling of the Judge.

*Farley* and *Lowney,* for the plaintiffs. The *stat. c.* 122, positively requires the answer of the town to be given in writing, and the overseers of the poor have no power to give up or waive the rights of the town. The overseers have no power but such as is given by statute, and that does not extend to bringing actions or settling suits. *Peru* v. *Brunswick,* 5 *Greenl.* 31; *Furbish* v. *Hall,* 8 *Greenl.* 315. It has been decided, that the overseers have no right to make bargains to change the settlement of paupers. This is doing it, indirectly if not directly. *Peru* v. *Turner,* 1 *Fairf.* 185.

*W. G. Crosby,* for the defendants. Had the answer been in writing it would have been sufficient. Notice that a pauper has not a *residence* is equivalent to notice that he had not a *settlement. Westminster* v. *Bernardston,* 8 *Mass. R.* 104. The language made use of shows fully the intention to waive all objection to the notice not being in writing; and to suppose otherwise, would be to charge the overseers of *Unity* with intentional fraud. The overseers of the poor of a town have authority to waive any objection to the notice given, or to the answer to the notice. *Embden* v. *Augusta,* 12 *Mass. R.* 307; *Shutesbury* v. *Oxford,* 16 *ib.* 102;

*York* v. *Penobscot*, 2 *Greenl.* 1 ; *Page* v. *Plummer*, 1 *Fairf.* 334. Overseers of the poor of a town, have authority to bind such town in any matter relating to the support of paupers. *Belfast* v. *Leominster*, 1 *Pick.* 123. And they may bind the town by a contract not to take advantage of any defects in a notice. *Hanover* v. *Eaton*, 3 *N. H. Rep.* 38.

After a continuance for advisement, the opinion of the Court was drawn up by

WESTON C. J. — The statute requires, that the answer from the overseers of the poor of a town, to whom notice has been given, that relief has been afforded to a pauper, whose settlement is alleged to be in their town, should be in writing. But an answer defective in form or substance, may be accepted, and the objections which might otherwise be raised against it, waived. This has been held in *Embden* v. *Augusta*, 12 *Mass. R.* 307 ; *Shutesbury* v. *Oxford*, 16 *ib.* 102 ; and in *York* v. *Penobscot*, 2 *Greenl.* 1. In all these cases, the waiver of objections, deduced by fair implication, to defective notices, was made by the overseers of the poor of the towns notified.

They are in regard to the poor, the authorized agents of their respective towns. And as such, they direct suits to be brought or defended, and negotiate with other towns, in reference to claims of this description. Not indeed with unlimited powers ; for they cannot by their acts or admissions, change the settlement of a pauper. *Peru* v. *Turner*, 1 *Fairf.* 185 ; but their authority extends to the adjustment of all claims of this sort, and to all preliminary proceedings. And in the discharge of these duties, a promise made by them, in behalf of their towns, is binding. *Belfast* v. *Leominster*, 1 *Pick.* 123.

In the case of the town of *Hanover* v. *Eaton & al.* 3 *N. H. Rep.* 38, it was held that the selectmen of a town, being *ex officio* overseers of the poor, may bind the town, by a contract, not to take advantage of any defects in a notice, given by another town, that a pauper has been relieved.

In this case, the overseers of the poor of the towns, now litigating, communicated officially, in regard to the support of the pauper in controversy. The notice and answer were preliminary to the

suit, prosecuted under the direction of the overseers of *Unity*. They were advised by the answer, that the overseers of *Thorndike* stood upon their rights, and denied the settlement of the pauper to be in their town. The overseers of *Unity* could have derived no benefit from a written answer; and they expressly and directly waived it. They may indeed be said to have prevented one from being written. And upon the facts, we are of opinion, that the plaintiffs ought not to be permitted, to take advantage of an objection, waived by their authorized agents.

*Exceptions overruled.*