LEVI WEYMOUTH *versus* INHABITANTS OF GORHAM.

In an action under the St. 1821, c. 111, to recover compensation for the support of a person lawfully confined in the *county house of correction* against the town wherein *his* settlement was, the plaintiff's claim accrues by virtue of his office as master, and proof of his having been such, is indispensable to the maintenance of the suit; but the indebtedness of the town is to the plaintiff for his individual benefit, and not in trust for others, and the suit should be in his name, whether he continues master or not.

It is necessary that the account should first be allowed by the County Commissioners; but this is not in the nature of a judgment, so that the suit should be brought thereon, but the remedy is in assumpsit for the expenses incurred and services rendered.

It is no valid objection to the support of such action, that no account was kept of *the earnings* of the person committed, where it does not appear that there has been *earnings*.

Where the demand made is not such as the statute requires, yet if it be treated by the other party as a legal demand, and payment is refused for other causes, the right afterwards to make this objection is waived.

The limitation in Rev. St. in relation to houses of correction, c. 178, § 21, does not apply to cases under St. 1821, c. 111, on the same subject, where the cause of action had accrued before the Revised Statutes went into operation.

ASSUMPSIT by the plaintiff, described in the writ as "master of the house of correction situate in Portland," for the sup-

port of Harding Lombard in the county house of correction from March 1, 1837, to April 23, 1839. The writ was dated January 26, 1842.

It appeared on the trial before WHITMAN C. J. that Lombard had a legal settlement in Gorham, and had been duly committed to said house of correction, June 9, 1832, as a dangerous and insane person, by two justices of the peace and of the quorum ; that he was supported there until April 23, 1839, when he was duly discharged on the petition of the defendants ; and that, during the time, the plaintiff was master of the county house of correction. The defendants had settled and paid for the support of Lombard until March 1, 1837, and had paid afterwards one hundred and fifty dollars, leaving a balance of $116,04, unpaid. It did not appear that any account of work of Lombard had been kept, or that he had done any. The house of correction was established in 1823, and the County Commissioners had passed an order, " that the master of the house of correction shall be entitled to the same fees for committing disorderly persons to said house of correction, as the jailer receives for criminals who are committed to the county jail." This was objected to by the defendants. The accounts of the plaintiff, as master of the house of correction, for the support and maintenance of Lombard, were presented to the County Commissioners at their June and December sessions of each year, and were by the Commissioners examined, allowed and certified. Objections by the defendants were made to these acts of the Commissioners. To prove notice to the defendants, the plaintiff produced in evidence an account wherein the board was charged, and the credits given. Also a letter, December 15, 1840, from himself to the overseers of the poor of Gorham, and received by them, wherein he says. "There is a balance due me for board and expenses of Harding Lombard in the county house of correction, which you are requested to call and settle immediately, or I shall be under the necessity of leaving it with an attorney for collection. Your bill is with Mr. R. E. at the Mutual Insurance Office." And also a letter directed to him

and signed by the selectmen of Gorham, dated January 9, 1841, wherein they say, " We have received the bill which you have made against our town, and take this time to inform you, that we do not owe you any thing on account of Lombard, he having labored when in your custody for which no account has been rendered." A " nonsuit was hereupon entered," which was to be set aside if the plaintiff is entitled to recover.

*W. P. Fessenden*, for the plaintiff, insisted that the nonsuit should not have been directed. Every essential requisite of the statute of 1821, c. 111, has been complied with. The suit is by the keeper of the house of correction ; the amount was shown to be due ; the account was duly allowed by the County Commissioners ; and demand thereof has been made, or excused.

The plaintiff is described sufficiently as suing as master of the house of correction, and if there is any informality, the remedy was by plea in abatement. Day's Com. Dig. Abatement.

This action was seasonably brought. The cause of action had accrued before the Revised Statutes went into operation, and this case depends on the law as it before stood. The second section of the repealing act expressly excepts a case like this from the operation of the Revised Statutes. A statute must clearly appear to have a retrospective operation, or it will be considered prospective. *Hastings* v. *Lane*, 3 Shepl. 134.

It is no objection to the allowance of this account, that others were allowed with it. And if the original order as to compensation was informal, it cannot prevent the plaintiff from recovering. *Boston* v. *Westford*, 12 Pick. 16; *Wade* v. *Salem*, 7 Pick. 333 ; *Robbins* v. *Weston*, 20 Pick. 112.

It is immaterial whether the demand was or was not sufficient, had no reply been made ; for the reply waives all objection of that sort, and places the refusal to pay on entirely different grounds. *Boston* v. *Weston*, 22 Pick. 211 ; *York* v. *Penobscot*, 2 Greenl. 1.

*Codman & Fox,* for the defendants, contended that the proceedings must be strictly conformable to the provisions of the statute, in order to maintain the action, and that this had not been done.

The suit should be brought as master of the house of correction. This has not been done. He is merely described as such, but the promise is alleged to have been made to him individually. There is no necessity for pleading in abatement, as the suit must fail, unless the plaintiff brings himself within the law.

The action should have been brought upon the adjudication of the County Commissioners. For this reason, as well as because there was no valid adjudication upon the account, or allowance of it, the action cannot be maintained. There was no such account kept as the statute requires, in the total omission to keep an account of the earnings of Lombard.

The statute requires that a demand should be made as preliminary to bringing a suit. All that was done was merely sending a letter requesting payment of a demand, without stating the amount, and by one having no authority to receive payment.

But if there ever was any legal claim against the defendants, it was barred by the statute of limitations. The statute, 1821, c. 111, was repealed by the Revised Statutes. The Rev. St. limit the time for commencing the action to two years, and this suit was therefore brought too late. *Smith* v. *Morrison,* 22 Pick. 430.

The opinion of the Court was afterwards drawn up by

TENNEY J. — The cause of this action arose in virtue of c. 111, § 12, of the statutes of 1821, but the proceedings in the prosecution of the suit must conform to the provisions of the Revised Statutes, c. 178, § 21. The plaintiff can recover only by showing a strict compliance with the statutes applicable to the case, unless there has been a waiver by the defendants of some of their rights.

The town of Gorham is called upon to answer to the plaintiff, "master of the House of Correction situate in Portland." It is contended that the action should have been in the name of the master as such, and that not being the case, the nonsuit was properly ordered therefor. The plaintiff's claim accrues by virtue of his office; and proof of his being the master is indispensable in support of the action therefor. But the indebtedness of the town for the board and clothing of Lombard, who had his legal settlement therein, is to the plaintiff for his own private benefit, and not in trust for any other. If he had ceased to be the master he could as well sustain the action as he can while he continues in the office; the right of action in such an event would not vest in his successor. He is called the master of the house of correction in the writ, and proof was introduced, that he was such by due appointment, while Lombard was under his charge. This objection fails.

It is insisted, that an action brought upon the doings of the County Commissioners in allowing the plaintiff's account, is the only one which can be sustained. The Revised Statutes provide that the suit may be prosecuted at law as upon an implied promise. In the statute of 1821, it is provided, that whenever there shall be due to any keeper of the house of correction, for the care, trouble and expense of keeping, supporting and employing any person committed by virtue of that act, any sum or sums of money, and the same shall have been allowed and certified by the Court, he shall have a right to demand and recover the same of the town wherein he is lawfully settled; and if the town shall refuse or neglect to pay such sum for the space of fourteen days after the same shall have been demanded in writing, the keeper shall be entitled to an action, and may recover judgment for such sum as shall be found due to him, with legal interest from the time the same was demanded and costs. The allowance by the County Commissioners and a demand are necessary steps to be taken, and conditions to be fulfilled before an action can be commenced; but the allowance by the commissioners is by no means in the nature of a judgment; and by the Revised Stat-

utes is not even presumptive proof, unless notice was given to the town previous to the allowance. In all cases, the whole matter is subject to revision in the trial of the action. The expenses incurred and services rendered are the cause and basis of the action.

There is nothing in the case, which shows that there were any earnings by Lombard, when he was in the plaintiff's charge, and the objection, that no account thereof was kept, is not well founded.

Again it is contended that the plaintiff made no such demand as the statute requires. The demand was certainly very informal, and perhaps of itself was insufficient. But the overseers of the poor of the town of Gorham, treated the plaintiff's letter as a legal demand, and returned an answer thereto, stating that they had received the bill, and refused payment, on the ground that nothing was due, Lombard having labored, and no account having been rendered for the value of his labor by the plaintiff. The case of *York* v. *Penobscot*, 2 Greenl. 1, is in point to show that the objection, which might otherwise have been taken, was waived.

But the objection much relied upon is, that the suit was not seasonably commenced. The statute under which the cause of action arose was repealed by the general repealing act, but by the same act, § 2, there is saved, " also to all persons, all rights of action in virtue of any act repealed as aforesaid, and all actions and causes of action, which shall have accrued in virtue of or founded on any of said repealed acts, in the same manner, as if said acts had not been repealed." To the cause of action in this case, the repeal of the statute of 1821 has no application. But as the proceedings in the prosecution of the suit are to conform to the Revised Statutes, if they have limited the time within which the action can be commenced to two years from the allowance by the County Commissioners, even if it deprives the party of the remedy, we cannot disregard such limitation. But by the 21st section of chap. 178 of the Revised Statutes, it is for the liability incurred by the *preceding section*, that the action must be commenced within two years

from the time of such allowance. For the liability under the old statute, which for this purpose is unrepealed, there is no other limitation, than that contained in the general statute of limitations.

There are other objections, which are matters in defence rather than such as go against the maintenance of the action upon the plaintiff's proof, which it is unnecessary to consider.

*Nonsuit taken off,*
*and the action to stand for trial.*