CITY OF AUBURN *vs.* INHABITANTS OF WILTON.

Androscoggin.    Opinion February 21, 1883.

*Pauper.    Notice.*

A pauper notice described the pauper as Benton L. Blackwell. The pauper's true name was Bennetto L. Blackwell; *Held*, That the town receiving such notice was under no obligation to answer; but answering, and knowing what person was intended, and not objecting on account of the error of name, they are bound thereby, their conduct constituting a waiver of the defect in the notice.

ON REPORT on agreed statement.

Assumpsit for pauper supplies furnished one "Benton L. Blackwell", amounting to two hundred fifty dollars and twenty cents. The writ was dated August 12, 1881.

The opinion states the material facts.

*W. W. Bolster*, for the plaintiffs, cited: *York* v. *Penobscot*, 2 Maine, 1; *Embden* v. *Augusta*, 12 Mass. 307; *Shutesbury* v. *Oxford*, 16 Mass. 102.

*Frye, Cotton and White*, for the defendants.

There is nothing in the writ to show that the pauper was any other than Benton L. Blackwell and a judgment founded upon such a writ would be no bar to a suit for supplies furnished Bennetto L. Blackwell. They have not asked to amend their writ and there is nothing to connect this Bennetto with the Benton declared on in the writ.

The recovery, if any, in this action, must be by reason of the statute, and the plaintiffs, to be entitled to such recovery, must show that they have strictly complied with the provisions of the statute. The notice contains nothing by which to identify the pauper except the name, and the christian name was entirely wrong. PARKER, C. J., remarking on the subject, says, "The mistake of the christian name gave them a right to refuse to answer the charge, though it can hardly be doubted that they were aware of their liability except for this mistake." *Shelbourne v. Rochester*, 1 Pick. 473.

It would be no unusual thing that there should be two Blackwells who had a pauper settlement in the same town, bearing the christian names of Benton and Bennetto, respectively.

It will be perceived that this is not the case of a defective, indefinite or incomplete description, which can be cured or the defect waived by an answer, but it is a notice distinct and free from ambiguity, yet false in a material and very important particular.

The cases cited by the counsel for the plaintiffs refer entirely to the former kind of notice, while the law with regard to the latter is laid down by the court in an equally well established line of decisions. *Lanesborough* v. *New Ashford*, 5 Pick. 190 ; *Holden* v. *Glenburn*, 63 Maine, 579.

PETERS, J. A notice was given to the defendant town that Benton L. Blackwell had fallen into distress, when the true name of the pauper was "Bennetto" and not "Benton." The defendants need not have answered the erroneous notice. They were not required to investigate, in order to find out whether Bennetto was intended by Benton or not. They were not required to respond, even if they believed an error had been committed.

A want of response might have led the notifying town to see and correct the error. *Shelbourne* v. *Rochester*, 1 Pick. 473.

But if the defendant town understood that Benton meant Bennetto, and made an answer, taking no exception to the notice on account of the error in it, then the notice should be regarded as a good one. The conduct of the overseers in such a case would be a waiver of the defective notice. They accept the notice, instead of rejecting it. They thereby admit that the pauper was sufficiently identified to them. Otherwise, the officers of one town could too easily mislead and deceive the officers of another town. *York* v. *Penobscot*, 2 Maine, 1.

As a matter of fact, we have no doubt that the officers of Wilton knew what person was intended to be described as the pauper. The official correspondence and other admissible facts show it.

*Judgment for plaintiffs.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.