# CASES

IN THE

# SUPREME JUDICIAL COURT,

OF THE

# STATE OF MAINE.

INHABITANTS OF PALMYRA *vs.* SUSAN H. NICHOLS.

Somerset.   Opinion November 4, 1897.

*Contracts. Indemnity. Paupers. Towns. Agent. R. S., c. 24, § 10.*

*Held*; that a contract under seal, wherein the obligor agreed to release a town from the support of a person named, and to maintain such person through his natural life and pay all doctor's bills and expenses, with the condition that if the obligor indemnified the town from all expenses, costs and damages which might accrue by reason of such person, the contract should be void, and providing also that if the obligor failed to fulfil her obligation, the town should have a right of action against her, is a contract of indemnity merely.

The punctuation of an instrument may be disregarded, if the meaning is clear.

A town may indemnify itself by proper contract against the contingent liability of furnishing pauper supplies to one who at the time of the contract has a pauper settlement within the town, and this, without regard to whether he is in present need or not, or whether he knows that he is receiving pauper supplies or not. *Held;* that the contract in this case, being of such a character, is legal and enforceable.

The overseers of the poor are the agents of the town in matters relating to the care and oversight of the poor, and as such, have authority to take such a contract for the town, without special instructions.

ON MOTION AND EXCEPTIONS BY DEFENDANT.

The facts of this case appear in the opinion.

*J. W. Manson* and *G. H. Morse,* for plaintiff.

*E. N. Merrill,* for defendant.

SITTING: PETERS, C. J., FOSTER, HASKELL, STROUT, SAVAGE, JJ.

SAVAGE, J.   This is an action of covenant broken brought upon the following instrument:

"Newport, Jany. 14th 1895.

Know all men by these presents that I, Susan H. Nichols of Newport Co. of Penobscot and state of Maine.   I do hereby agree & obligate myself my heirs and executors that I will release the town of Palmyra, from further support of Enoch H. Clark, & further promise & agree that I will maintain said Clark through his natural life, & pay all Drs. bills & funeral expenses.   The condition of this obligation is such that if said Susan H. Nichols shall indemnify the said town of Palmyra from all expenses, costs & damages which may accrue by reason of said Clark.   Then this obligation is void, otherwise if said Susan H. Nichols fails to fulfil this obligation said town of Palmyra will sue said Susan H. Nichols or her heirs or executors & recover for the support of said Clark with expenses added thereto.

Susan H. Nichols (Seal.)

Signed sealed in the presence of
Mary J. Kelley & F. L. Brown.

Penobscot ss.                    Newport Jany. 14th 1895.

Personally appeared Susan H. Nichols & made oath to the above statement to be her free act.   Before me

F. L. Brown, Justice of the Peace."

I.   The defendant, the verdict being against her, contends that the instrument is so inartificially drawn that it means nothing; in short, that it is not a contract, and has excepted to the construction placed upon it by the presiding justice in his charge to the jury in the following language:—

"I give you this ruling and construe this instrument to be an obligation upon the part of Mrs. Nichols, a contract between her and the town of Palmyra, so far as the instrument shows upon its face, to indemnify the town of Palmyra against all expense that it may subsequently be put to at any time for the relief of the person therein named, Enoch H. Clark, as a pauper."

We think the ruling was correct, and that taking the instrument as a whole, giving due effect to each part, it is clearly to be interpreted as a contract of indemnity. It is indeed unskilfully drawn. The scrivener was evidently not a lawyer. He seems to have tried to draft a bond, but he omitted the penal part. He did however incorporate a condition which is intelligible and clear. It is not difficult to understand what the parties intended by this instrument, and to that intention, as gathered from the instrument itself, it is our duty to give effect. The defendant agreed to "relieve the town of Palmyra from further support of Enoch H. Clark." The condition in the obligation is "that if said Susan H. Nichols shall indemnify the said town of Palmyra from all expenses, costs and damages which may accrue by reason of said Clark, then this obligation is void. Otherwise, if said Susan H. Nichols fails to fulfil this obligation, said town of Palmyra will sue," i. e. shall have the right to sue, "said Susan H. Nichols . . . . and recover for the support of said Clark . . . ." It is here written as it should be read. The punctuation of the instrument may be disregarded, if the meaning is clear. It is an uncertain guide. *State v. McNally*, 34 Maine, 210. So, of the use of capital letters to indicate the beginning of new sentences. Unskilled persons are inaccurate in such matters. This is not a contract for support, properly so called, notwithstanding the clause, "I further promise and agree that I will maintain said Clark through his natural life." By doing this, she would, in fact, release and indemnify the town. The contract itself was to be void, if she indemnified the town.

In this connection, the defendant urges that the contract is not enforceable, "because no one is named as obligee in it or bound by it." We think it sufficiently appears that the contract was made with the town of Palmyra.

II. The defendant contends, in the next place, that the contract is void, because neither the municipal officers, nor even the town of Palmyra itself, had authority to make such a contract.

The instructions of the presiding justice to the jury, upon this point, to which exceptions were taken, were, that the instrument

" was a legal contract for the overseers of the poor of Palmyra to make, provided Mr. Clark, at the time it was made, had his pauper settlement in the town of Palmyra;" that in such case, "this was a competent contract for the town, through its municipal officers, the selectmen and overseers, to make with Mrs. Nichols;" that it is not "incumbent upon the plaintiff to show that Clark knew he was receiving pauper supplies at the time, in order that the contract may be made;" "that it was not necessary that Clark should have been in want at the time of making the contract;" and that "the selectmen would be authorized to take a contract from a person competent to make a contract to take care of any pauper for any term of years, or for life, for a sufficient consideration."

We think these rulings are unexceptionable. We have construed this contract to be one of indemnity merely, and these exceptions must be considered in the light of that interpretation. The language of the presiding justice last quoted must be read in connection with his previous instruction that this is a contract of indemnity. It is not a contract for the support of a pauper.

The argument of counsel is largely directed to the point that a "town has no authority to raise money to relieve itself from the possible, contingent or future liability of one of its citizens becoming a pauper, who at the time was not a pauper, nor in want." Conceding this to be so, nothing appears in this case to which such an argument can be directed. This is not a question of the power of a town to raise money. This is not a contract by which the town is to incur, but rather to avert a liability. The contract does not show that any money was paid or required. It is under seal which of itself imports a sufficient consideration. The defendant, from motives of family pride, or kindness, may have been willing to enter into a contract to indemnify the town against the expense of the support of Clark, who was her brother, but that matters not.

The naked question is, can a town indemnify itself by proper contract against the contingent liability of furnishing pauper supplies to one who at the time of the contract has a pauper settlement within the town, and this without regard to whether he is in

present need or not, or whether the person affected knows that he is receiving pauper supplies, or not. We see no good reason why it cannot. On the other hand, to do so, must in many cases be the exercise of a wise business discretion. It is true that the power is not prescribed by statute in terms, but towns possess many incidental powers which are not defined by statute. It is their duty to "relieve persons having a settlement therein, when on account of poverty, they need relief." R. S., c. 24, § 10. Such relief will cause expense. Towns have an interest in preventing such expense, and this interest exists whether the persons concerned are now chargeable, or may become chargeable hereafter. Towns as well as individuals may be prudent and far-seeing. In matters like this, they may properly avert or prevent liability. *Dennett* v. *Nevers*, 7 Maine, 399 ; *Augusta* v. *Leadbetter*, 16 Maine, 45. The Supreme Court of Vermont, in a case involving the power of a town to take a bond of indemnity, like the contract in the case at bar, said, "where the subject matter of the contract is the appropriate business and interest of the town, the court discovers no reason why the contract with the town, suitably framed to secure that interest, should not bind the signers, as fully, as if made to an individual concerning his interest." *Pawlet* v. *Strong*, 2 Vermont, 442, affirmed in *Williston* v. *White*, 11 Vermont, 40.

The contract here being within the proper exercise of municipal authority, the only question remaining is whether the overseers of the poor were authorized to take it, without instructions from the town. We think they acted within the scope of their power. Overseers of the poor have the care and oversight of the poor, and in the discharge of their duties, they are the authorized agents of the town. Necessarily, they may transact a variety of business, incidental to their general powers. To prevent the town from becoming subjected to expense for pauper supplies on account of one who has his legal settlement in their town seems not only lawful but meritorious. *Peru* v. *Turner*, 10 Maine, 185; *Unity* v. *Thorndike*, 15 Maine, 184. Moreover the town has adopted this contract and brought suit upon it.

It is the opinion of the court that the exceptions should be overruled.   The defendant has not pressed her motion for a new trial.

*Motion and exceptions overruled.*