CITY OF BATH *vs.* INHABITANTS OF BOWDOIN.

Sagadahoc.　　Opinion, February 19, 1936.

*Edward W. Bridgham,* for plaintiff.
*Frank T. Powers,* for defendants.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

BARNES, J.　This is an action to recover for pauper supplies furnished by the plaintiff city to Arthur R. Douglass, his wife, Catherine M. Douglass, and his infant child, Roberta E. Douglass, and comes up on exceptions.

The case was heard in the Superior Court in vacation, without oral testimony, with right of exceptions reserved; plea—the general

issue, with allegation that "notices" were not legal nor sufficient.

The Court ruled that the notices were defective but that the single defect was waived by the overseers of the poor of the town of Bowdoin and found for the plaintiff in the sum of $504.72, with interest from the date of the writ. Exceptions were reserved by defendant; and the bill of exceptions is made up of an agreed statement of facts, with such particulars of the genealogy of Arthur R. Douglass as may be of common knowledge in the locality where his mother has lived, the notices sent and received, the findings and rulings of the Court, with some other matters.

No issue is raised as to the amount charged for the supplies or that they were furnished and accepted as pauper supplies, the sole question argued being on the ruling of the Court that while the notices were of themselves defective, "there was a waiver of the defect by the Overseers of the Poor of the Town of Bowdoin."

From the statement of facts we glean that Oscar Douglass established his residence in the town of Bowdoin in 1908; that he married Margaret in 1914, and that he lived in Bowdoin without receiving pauper supplies until 1916; that Margaret deserted Oscar on or about April 1, 1914, and went to live in Brunswick; that she never again lived with Oscar; that Arthur R. Douglass was born to her in Brunswick on February 9, 1915; that there is no evidence of marital relations between Oscar and his wife, Margaret, from April 1, 1914, to February 9, 1915; that Oscar had no knowledge of the birth or existence of Arthur R. Douglass until 1923 when it was brought to his knowledge with his arrest for neglect of the child; that after his acquittal on the charge aforesaid Oscar was divorced, upon an uncontested libel, in which no child was mentioned; that Margaret married soon after and has resided in Bath with her second husband from her marriage to the time of the hearing on the case at bar; that Arthur R. Douglass lived with Margaret in Bath until he married, at 17 years of age, and continually since in the same city with his wife and the daughter named in the pauper notices.

It is the contention of the defendant that the pauper notices were legally defective; that there was no waiver of the defect and that the defendant town is not estopped to set up such defect in defense.

The notice and denials were as follows:

## "CITY OF BATH

OFFICE OF THE OVERSEERS OF THE POOR

Bath, Maine, December 8, 1932.

To the Overseers of the Poor, of the town of Bowdoin Center, in the County of Sagadahoc, in the State of Maine:

Gentlemen: You are hereby notified that Arthur R. Douglas, his wife Catherine M., and infant child, Roberta E., aged 2 months, inhabitant of your town, having fallen into distress, and in need of immediate relief in the City of Bath, the same has been furnished by said City on the account and at the proper charge of the town of Bowdoin Center where said Arthur R. Douglass, his wife Catherine M., and child have legal settlement.

You are requested to remove said Arthur R. Douglass, his wife and child or otherwise provide for them without delay, and to defray the expense of their support in said City of Bath. The sums expended for their support to this date are fuel, groceries, clothing, and doctor.

Dated at Bath this 8th day of December A. D. 1932. Remarks: Douglas is only 17 years old so he takes his settlement from his father, Oscar M. Douglas, who had settlement in your town at time of separation and divorce. Young Douglas' mother took charge of the child, so he would follow mother's settlement which was Bowdoin Center.

SIDNEY L. EATON.

Superintendent Overseers of the Poor of Bath.

## PAUPER DENIAL

To the Overseers of the Poor in the City of Bath, in the County of Sagadahoc, in the State of Maine:

Gentlemen:—Your Notice of the Dec. 8, 1932 instant, stating that Arthur R. Douglas, his wife Catherine M., and infant child, Roberta E., aged 2 mo., having fallen into distress and been furnished relief by your City, at the charge of the town of Bowdoin was duly received.

Upon inquiry, we are satisfied that this town is not the place

of the lawful settlement of the said Arthur R. Douglas, his wife Catherine M., and infant child, Roberta E., aged 2 mo.

We therefore decline to remove them or to contribute towards their support.

Dated at Bowdoin, this 24th day of Dec., A. D. 1932.

Yours respectfully,

NORMAN E. CURTIS,

OSCAR E. HATCH,

W. R. ALLEN,

Overseers of the Poor of Bowdoin.

## CITY OF BATH

OFFICE OF THE OVERSEERS OF THE POOR

Bath, Maine, April 28, 1933.

To the Overseers of the Poor, of the Town of Bowdoin Center, in the County of Sagadahoc, in the State of Maine:

Gentlemen: You are hereby notified that Arthur R. Douglas, and his wife Catherine M., inhabitant of your Town having fallen into distress, and in need of immediate relief in the City of Bath, the same has been furnished by said City on the account and at the proper charge of the town of Bowdoin Center, where said Arthur R. Douglas, and wife Catherine M., have legal settlement.

You are requested to remove said Arthur R. Douglas and wife Catherine M., or otherwise provide for them without delay, and to defray the expense of their support in said City of Bath. The sums expended for their support to this date are for fuel, groceries, clothing and doctor.

Dated at Bath this 28th day of April, A. D. 1933.

SIDNEY L. EATON,

Superintendent Overseers of the Poor of Bath.

## PAUPER DENIAL

To the Overseers of the Poor in the City of Bath, in the County of Sagadahoc, in the State or Maine:

Gentlemen:—Your Notice of April 28, 1933, stating that

Arthur R. Douglass, and his wife Catherine M., have fallen into distress and been furnished relief by your town, at the charge of the town of Bowdoin was duly received.

Upon inquiry, we are satisfied that this town is not the place of the lawful settlement of the said Arthur R. Douglass, and his wife, Catherine M.

We therefore decline to remove them or to contribute towards their support.

Dated at Bowdoin, this 5th day of May, A. D. 1933.

Yours respectfully,

NORMAN E. CURTIS,
W. R. ALLEN,
Overseers of the Poor of Town of Bowdoin."

There being no town in Maine bearing the name "Bowdoin Center" the defect in the notices is self-evident. But it is said to be quite generally the law that, "A defect in a notice may be waived by the town upon which the notice is served. The waiver may be implied. And an answer denying liability upon some grounds other than the defect in the notice waives the defect." 48 C. J., 531.

Decisions of this Court are controlling. "It is perfectly clear that of itself, and unconnected with the answer of January 8th, the notice must be considered as insufficient, and if no reply had been made by the overseers of Penobscot, or if such insufficiency had been objected to, the defect in this particular would be fatal to the action. But . . . the conduct of the defendant's overseers has cured the defect in the notice. We must consider them by their answer of January 8th, as waiving all objections to form and placing the claim of the plaintiffs on its merits ; or else of practicing duplicity on purpose to deceive and injure, which we are not disposed to do." *York* v. *Penobscot*, 2 Me., 1.

Overseers of the poor are "the authorized agents of their respective towns. And as such, they direct suits to be brought or defended, and negotiate with other towns in reference to claims of this description. . . . Their authority extends to the adjustment of all claims of this sort and to all preliminary proceedings. . . . They (overseers of the poor of plaintiff town) were advised by the answer, that the overseers of Thorndike stood upon their rights, and denied

the settlement of the pauper to be in their town." *Unity* v. *Thorndike*, 15 Me., 182.

"The demand was certainly very informal and perhaps of itself was insufficient. But the overseers of the poor of the town of Gorham treated the plaintiff's letter as a legal demand, and returned an answer thereto, stating that they had received the bill, and refused payment, . . . (showing) that the objection, which might otherwise have been taken, was waived." *Weymouth* v. *Gorham*, 22 Me., 385, 390.

"A notice was given to the defendant town that Benton L. Blackwell had fallen into distress, when the true name was 'Bennetto' and not 'Benton.' The defendants need not have answered the erroneous notice. They were not required to investigate in order to find out whether Bennetto was intended by Benton or not. They were not required to respond, even if they believed an error had been committed. A want of response might have led the notifying town to see and correct the error. But if the defendant town understood that Benton meant Bennetto, and made an answer, taking no exception to the notice on account of the error in it, then the notice should be regarded as a good one. The conduct of the overseers in such a case would be a waiver of the defective notice." *Auburn* v. *Wilton*, 74 Me., 437.

A notice stated "that 'Frank M. Moody and wife and children' have fallen into distress, etc. It fails to give either the names or the number of the children, and in that respect is obviously an insufficient compliance with the statute as interpreted by the Court. But as the authorized agents of the town, the overseers of the poor may waive any objection arising from such an informality, or defect in the notice." *Wellington* v. *Corrina*, 104 Me., 252, 257, 71 A., 889, 891.

Such being the law, we conclude that by their answers the overseers of the poor of Bowdoin effectively waived the defect in the notices.

*Exceptions overruled.*