INHABITANTS OF TOWN OF AMITY
*vs.*
INHABITANTS OF TOWN OF ORIENT

Aroostook.    Opinion, July 24, 1957.

*Walter A. Cowan,*
*Barnett A. Shur,* for plaintiff.

*George B. Barnes,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, BELIVEAU, TAPLEY, SULLIVAN, DUBORD, JJ.

DUBORD, J.    The plaintiff Town of Amity brought suit against the defendant Town of Orient to recover for pauper

supplies furnished to one Dale H. Farrar. The case was heard by the court without a jury, with right of exceptions reserved in matters of law. Judgment was entered for the plaintiff and the case is before us on exceptions taken by the defendant Town of Orient, to the findings of the sitting justice. The evidence is not made a part of the bill of exceptions.

It appears that one Dale H. Farrar, having his pauper settlement in the defendant Town of Orient, moved to the plaintiff Town of Amity, in 1945 and has resided there constantly since 1945. Sometime in 1949, upon application made by Farrar to the overseers of the poor of the Town of Amity for pauper assistance, such assistance was rendered. The overseers of the poor of the Town of Amity notified the overseers of the poor of the Town of Orient by telephone that such assistance had been rendered. The overseers of the Town of Amity were informed that if Farrar had a settlement in Orient, the Town of Orient would reimburse the Town of Amity. The amount expended by the Town of Amity was reimbursed promptly by the Town of Orient. Subsequently, and within five years of the time pauper assistance was rendered Farrar, he again fell into distress and the plaintiff Town of Amity furnished pauper supplies, which form the basis of this suit.

The defendant Town of Orient, by its bill of exceptions, attacks the finding of the court and contends that the oral notice, followed by its payment for assistance rendered by the Town of Amity, is not a sufficient compliance with the applicable statute and did not interrupt the continuity of the five year period required to establish a pauper settlement in the Town of Amity.

Here then, is the issue before us for determination. If the oral notice by telephone given by the Town of Amity to the Town of Orient, followed by payment on the part of the Town of Orient, sufficiently complies with the provisions

of the applicable statute, then Farrar did not establish a pauper settlement in Amity, and as he had a settlement in Orient, at the time of his removal to Amity, then the judgment for the plaintiff was properly entered, and the exceptions of the defendant should be overruled. If, on the other hand the oral notice by telephone, followed by payment on the part of Orient, does not comply with the statute, then Farrar established a pauper settlement in Amity, and the judgment was erroneous, and should be set aside and the exceptions of the defendant sustained.

This case arose while the 1944 statutes were in effect. However, the applicable 1954 statutes are identical in language, and, for convenience we have concluded to refer, in this opinion, to the 1954 statutes.

A decision in this case requires the consideration of the following statutes:

Subsection VI, Section 1, Chap. 94, R. S. 1954.

> "A person of age having his home in a town for 5 successive years without receiving supplies as a pauper, directly or indirectly, has a settlement therein."

Sec. 28, Chap. 94, R. S. 1954.

> "Overseers shall relieve persons destitute, found in their towns and having no settlement therein, and in case of death, decently bury them or dispose of their bodies according to the provisions of section 12 of chapter 66; the expenses whereof and of their removal, incurred within 3 months before notice given to the town chargeable, may be recovered of the town liable by the town incurring them, in an action commenced within 2 years after the cause of action accrued and not otherwise; and may be recovered of their kindred in the manner provided in this chapter.

> "When relief is given to a person having a settlement in another municipality and no legal notice

of such aid has been sent to the municipality of settlement within 6 months from the time that expense has been incurred, the continuity of acquiring a settlement in the municipality furnishing such aid or relief shall not be interrupted thereby. "Notice as hereinbefore provided shall be deemed sufficient if the said notice is sent to the municipality of apparent settlement as indicated by written evidence of settlement submitted by the applicant for relief."

Sec. 29, Chap. 94, R. S. 1954.

"Overseers shall send a written notice, signed by one or more of them, stating the facts respecting a person chargeable in their town, to the overseers of the town where his settlement is alleged to be, requesting them to remove him, which they may do by a written order directed to a person named therein, who is authorized to execute it. If such pauper, so ordered to be removed, shall refuse to obey such order and to return to the town of his settlement, then the overseers of the town wherein said pauper is found may refuse to furnish him relief."

Sec. 30, Chap. 94, R. S. 1954.

"Overseers receiving such notice referred to in the preceding section shall within 2 months, if the pauper is not removed, return a written answer signed by one or more of them, stating their objections to his removal; and if they fail to do so, the overseers of the town of residence may cause him to be removed to the town of settlement by a written order directed to a person named therein, who is authorized to execute it; and the overseers of the town to which he is sent shall receive him and provide for his support; and their town is estopped to deny his settlement therein, in an action brought to recover for the expenses incurred for his previous support and for his removal."

We are particularly concerned with the second and third paragraphs of Section 28, Chapter 94, *supra.*

It is the contention of the defendant Town of Orient that the words "legal notice" contained in Section 28, Chapter 94, R. S. 1954, contemplate a written notice and that the failure to give such written notice on the part of the Town of Amity caused the five year period provided for in Subsection VI, Section 1, Chapter 94, R. S. 1954 to continue to run so that the pauper acquired a settlement in the Town of Amity, and that consequently the Town of Amity cannot recover in the instant action. The plaintiff Town of Amity contends that the oral notice by telephone followed by payment on the part of Orient was a sufficient and proper compliance with the provisions of the statute. The plaintiff Town of Amity further contends that if a written notice is required under the provisions of Section 28, Chapter 94, then the requirement of such written notice was waived by the Town of Orient by its payment of the amount expended by Amity for the support of the pauper.

The questions before us for answer are as follows:

(1). Do the second and third paragraphs of Section 28, Chapter 94, contemplate notice in writing for the purpose of breaking the continuity of the five year period necessary to acquire a new settlement?, and

(2). If a written notice is required, can such written notice be waived?

It is to be noted that Section 29, Chapter 94, R. S. 1954 specifically provides that a written notice must be sent to the town where a pauper settlement is alleged to be, requesting that the pauper be removed; and Section 30, Chapter 94, R. S. 1954 specifically provides that the overseers receiving the notice provided for by Section 29, Chapter 94, R. S. 1954, must within two months return a written answer stating their objections to the removal of the pauper.

A study of the applicable statutes indicates that if a person is found in distress in a town where that person does not

have a pauper settlement, and if such pauper assistance is rendered, if the town rendering such assistance desires to recover the amounts expended from the town where the pauper has his settlement, a notice in writing must be sent to the town of settlement under the provisions of Section 29, Chapter 94, R. S. 1954, and, presumably, as the first paragraph of Section 28, Chapter 94, R. S. 1954 provides that the expenses incurred within three months before notice is given to the town chargeable may be recovered of the town liable by the town incurring them, such written notice must be given within three months from the time the pauper assistance is rendered. Under provisions of Section 30, Chapter 94, R. S. 1954, it then becomes the duty of the overseers receiving the notice to return a written answer within two months. This written answer is usually described as the denial notice. As the town alleged to be chargeable is allowed a period of two months in which to file a denial notice, manifestly the cause of action does not accrue until the expiration of the two month period, and then the town furnishing the assistance, may within two years, commence an action to recover.

In order to determine the legislative intent insofar as a written notice is concerned, we must give consideration to Sections 28, 29, and 30 of Chapter 94, R. S. 1954, together.

> "The pauper statute is one body of law and all its provisions must be read together. The legislative intent is to be drawn from a consideration of the whole act, and effect must be given, if possible, to every part of it. These are settled rules of statutory construction." *Friendship* v. *Bristol,* 132 Me. 285, 289; 170 A. 496; *Comstock's Case,* 129 Me. 467, 471; 152 A. 618; *State* v. *Frederickson,* 101 Me. 37, 41; 63 A. 535; *Merrill* v. *Crossman,* 68 Me. 414.

> "All statutes on one subject are to be viewed as one and such a construction should be made as will as nearly as possible make all the statutes dealing

with the one subject consistent and harmonious." *Turner* v. *Lewiston,* 135 Me. 430, 433; 198 A. 734.

"The fundamental rule in the construction of statutes is that they are to be construed according to the intention of the legislature. Another is, that all the statutes on one subject are to be viewed as one. Such a construction must prevail as will form a consistent and harmonious whole, instead of an incongruous, arbitrary and exceptional conglomeration. The context, and the course of legislation, as matter of history often throw light upon the meaning of application of terms used in the statutes." *Guilford* v. *Monson,* 134 Me. 261, 265; 185 A. 517; *Smith* v. *Chase,* 71 Me. 164.

We think a study of the legislative history of these three sections is of importance. Sections 29 and 30, Chapter 94, R. S. 1954, come down to us through all the revisions since 1821 in substantially the same form, and written notice has always been required insofar as these two sections are concerned.

As to Section 28, the 1821 revision does not provide for a written notice. However, the revision of 1841 has a provision for written notice and in all subsequent revisions the word "written" is left out.

It is of great importance to note that the second and third paragraphs of Section 28, Chapter 94, R. S. 1954, which we have before us for primary consideration were first enacted as Chapter 158, Public Laws of 1937. Undoubtedly, this amendment was enacted as a protection to the town of actual settlement against the town in which the time was running towards acquisition of a new settlement.

It is our opinion that the 1937 amendment does not alter the meaning of notice in the remainder of the pauper law.

Giving consideration to the pauper statutes as a whole, in the light of legislative history and prior decisions of this

court, we are of the opinion that the notice required to break the continuity of the five year period necessary to acquire a new pauper settlement must be in writing.

So we pass to a determination of the next issue as to whether or not such notice may be waived.

This court has ruled several times that defects in the notice provided for in Section 29, Chapter 94, R. S. 1954, can be waived. In the case of *York* v. *Penobscot*, 2 Greenleaf 1, this court held that if a notice to a town chargeable with the support of paupers be defective in not being signed by the overseers in their official capacity, or in not describing the paupers with sufficient precision, yet if it be understood and answered without any objections on account of its insufficiency, such objections are thereby waived.

See also *Weymouth* v. *Gorham*, 22 Me. 385, 388, where the court said:

> "The plaintiff can recover only by showing a strict compliance with the statutes applicable to the case, unless there has been a waiver by the defendants of some of their rights."

In the case of *Auburn* v. *Wilton*, 74 Me. 437, a pauper notice described the pauper as Benton L. Blackwell. The pauper's true name was Bennetto L. Blackwell. The court held that the town receiving such notice was under no obligation to answer; but answering, and knowing what person was intended, and not objecting on account of the error of name, they are bound thereby, their conduct constituting a waiver of the defect in the notice.

> "A defect in a notice may be waived by the town upon which the notice is served. The waiver may be implied. And an answer denying liability upon some grounds other than the defect in the notice waives the defect." 48 C. J. 531, *Bath* v. *Bowdoin*, 134 Me. 180, 184; 183 A. 420.

See also, *Wellington* v. *Corinna*, 104 Me. 252; 71 A. 889.

While this court has held in *Turner* v. *Lewiston*, 135 Me. 430, 433; 198 A. 734; that the pauper notice statute is mandatory, we nevertheless see that waiver of defects in such notice is permissible.

Passing now to consideration of Section 30, Chapter 94, R. S. 1954, providing that the overseers of the poor receiving the notice referred to in Section 29, Chapter 94, R. S. 1954, shall within two months return a written answer stating their objections to the removal of the pauper, this court has held that the filing of a written denial may be waived.

The case of *Unity* v. *Thorndike*, 15 Me. 182, was an action in assumpsit to recover supplies furnished to one Sally Severance, alleged to have a settlement in Thorndike. Written notice was given to the Town of Thorndike in compliance with the statute. Within two months from the receipt of the notice from the plaintiffs, two of the overseers of the poor of the Town of Thorndike verbally notified two of the overseers of the poor of Unity, that Sally Severance had not her residence in their town, and they asked the overseers of Unity, if they would receive a verbal answer as a legal one, and the reply was, that they would. The overseers of Thorndike further proved that they stated to the overseers of Unity, that they would give the answer in writing if required, the reply to which was, that they did not require a written answer.

The court ruled that the necessity of a written answer was waived.

The court said:

> "They (overseers of the poor) are in regard to the poor, the authorized agents of their respective towns. And as such, they direct suits to be brought or defended, and negotiate with other towns, in reference to claims of this description. Not indeed with unlimited powers; for they cannot by their acts or admissions, change the settlement of a

pauper; but their authority extends to the adjustment of all claims of this sort, and to all preliminary proceedings. And in the discharge of these duties, a promise made by them, in behalf of their towns, is binding." *Unity* v. *Thorndike,* 15 Me. 182, 184.

"Overseers of the poor have the care and oversight of the poor, and in the discharge of their duties, they are the authorized agents of the town. Necessarily, they may transact a variety of business, incidental to their general powers." *Palmyra* v. *Nichols,* 91 Me. 17, 21; 39 A. 338.

"Overseers of the poor are the authorized agents of their respective towns. And as such, they direct suits to be brought or defended, and negotiate with other towns in reference to claims of their description (pauper supplies). . . . Their authority extends to the adjustment of all claims of this sort and to all preliminary proceedings." *Bath* v. *Bowdoin,* 134 Me. 180, 184; 183 A. 420.

It will, therefore, be seen from these foregoing decisions that even though Section 30, Chapter 94, R. S. 1954, specifically provides for a written answer, such a written answer may be waived by the overseers of the poor.

In the instant case, when the officials of the Town of Orient received the oral notice from the officials of the Town of Amity that assistance had been rendered to the pauper, the Town of Orient need not have acted, and could have stood upon its rights in reference to the necessity on the part of the Town of Amity of giving a notice in writing pursuant to the provisions of Section 29, Chapter 94, R. S. 1954. However, the officials of Orient saw fit to reimburse immediately the Town of Amity.

Prior to the enactment of Chapter 158, Public Laws of 1937, requiring that a written notice be given to the town of prior settlement within six months, the matter of proof of a break in the continuity of the five year residence in a

town furnishing pauper assistance was left without record of any kind. To afford protection to a town of prior settlement the amendment was added to Section 28. The statutory requirement of a written notice was undoubtedly for the purpose of establishing a record which would be available in the future in any dispute or litigation concerning the running of the five year period. What better proof could be presented that pauper assistance has been rendered during a given five year period of residence in another town, than payment by the town in which the pauper has a settlement? By such payment, a permanent record, available to all who need it, is definitely established.

In any judicial process involving the issue of a notice pursuant to Section 28, Chapter 94, R. S. 1954, proof of payment by the town alleged to have received the notice would carry great weight.

See *Wellington* v. *Corinna, supra,* where the court held that payment for supplies for the support of a pauper is an important evidential fact bearing upon the question of liability.

In the case of *Weld* v. *Farmington,* 68 Me. 301, the court held that a record of town orders, given by a town for the support of a pauper on the ground that he had a settlement therein, is admissible in evidence on the question of his settlement, not conclusive as an estoppel, but for the jury to weigh.

We rule that under the circumstances existing in this case, the Town of Orient, by the acts of its duly authorized agents, waived the written notice required by the statute.

The presiding justice in ruling for the plaintiff ended his finding with these words:

> "All of the elements of liability being found present, this Court finds for the plaintiff for the amount sued for."

The evidence not being before us, we must conclude that the determinations of fact of the sitting justice, were based on sufficient and compelling evidence. His decision was correct.

*Exceptions overruled.*