212

COUNTY OF MERRIMACK *v.* DERRY.

Argued February 1, 1966.
Decided May 31, 1966.

*G. Wells Anderson,* county attorney ( by brief and orally ),
for the county of Merrimack.

*George H. Grinnell* ( by brief and orally ), for the town of Derry.

LAMPRON, J. There is no obligation at common law upon the
State or any of the instrumentalities of government to furnish
relief to the poor. *Manchester* v. *Hillsborough,* 100 N. H. 79,

81; *St. Johnsbury* v. *Granby,* 124 Vt. 367, 369; 41 Am. Jur., Poor and Poor Laws, *s.* 35, *p.* 707. The whole matter is purely statutory and where the statute imposes no liability, there is none. *Worcester* v. *Charlton,* 336 Mass. 525. However "provision for relief and support at public expense of persons unable to support themselves has long been a part of our statutory law." *Wolfeboro* v. *Milton,* 103 N. H. 174, 175. "The ultimate burden of such relief has consistently been placed upon the town where the person aided had his settlement." *Id.;* RSA 165:20.

RSA 165:21 provides however that "No action shall be sustained against any town or person [for recovery of expense] unless a notice in writing, signed by the overseers of public welfare, stating the sums so expended, shall first have been given to such town or person." Such notice must be served upon the town "by the sheriff or his deputy" ( RSA 165:22 ) and "such notice shall be sufficient for all sums so expended within ninety days previous to such service, and for any sum so expended within one year thereafter." RSA 165:24.

These provisions as to notice are for the benefit of those towns who might be sued for the recovery of expenditures made by another town or county for paupers whose settlement is in the town against whom recovery is sought. They can therefore be waived by those for whose benefit they were enacted. *Lyman* v. *Littleton,* 50 N. H. 42, 44; *Amity* v. *Orient,* 153 Me. 29, 36-38; 70 C.J.S., Paupers, *s.* 68, *p.* 146.

The Trial Court has found that on May 27, 1957 the county of Merrimack began to furnish aid to the Walter Come, Jr. family. As a result of an investigation, Merrimack, on June 3, 1957, made a demand upon the town of Derry alleging that the family settlement was in Derry, demand having also been made on the county of Rockingham. Thereafter up until March 31, 1959, the plaintiff wrote letters from time to time to Derry and Rockingham claiming that they were liable for the aid payments made to this family on dates and in amounts specified, and demanding reimbursement. Derry by letter dated July 2, 1957 refused to accept responsibility for this aid given to the Come family because of lack of a Derry settlement. The town reiterated this position in several subsequent letters between the parties as well as orally.

The Trial Court found that Derry never received any notice in accordance with RSA 165:20, 21, but has been kept completely informed as to the amount of aid which has been given by

Merrimack from the time aid was begun. "The Court specifically finds that there never has been a formal waiver of the statutory requirement by the Town of Derry, but further finds that such statutory notice would not have given the Town of Derry any more information with reference to the aid furnished than they are now in possession of and were in possession of prior to the bringing of the suit by the County of Merrimack . . . At no time prior to the bringing of suit did the Town of Derry through its Overseer of the Poor and Selectmen, raise as an objection the fact that the Town of Derry had never received the statutory notice required by law."

A purpose of the statutory notice is to afford the town sought to be charged an opportunity to find out whether the person aided in fact has a settlement in that town so as to make it chargeable. *Wolfeboro* v. *Milton,* 103 N. H. 174, 176. During the period aid was being furnished by the plaintiff, letters were exchanged between it, Rockingham and Derry containing information on the history of the Come family which could be found helpful in determining the question of their settlement. There was also a letter sent to the parties to the same effect by the Assistant Commissioner of the Department of Public Welfare whom the parties had consulted.

Another purpose of the statutory notice is to give the town sought to be charged an opportunity to make arrangements of its own choosing to support the family involved. Letters sent to Derry by the plaintiff at different intervals during the period of aid gave the nature and cost of its support furnished to the Come family. This information could be found sufficient to enable Derry to act understandingly in deciding on its course of action. The fact that the plaintiff made alternative demands on the county of Rockingham does not negative its rights against the defendant with respect to the issue of notice. *Braintree* v. *Hingham,* 17 Mass. 431, 432; 70 C.J.S., Paupers, *s. 79, p.* 175.

It could properly be found on the facts that Derry was furnished by the plaintiff all the information that the statutory notice (RSA 165:21) was designed to insure. Furthermore it could be found that the duly authorized agents of the town, by their repeated denials of liability on the ground that the Come family had no settlement in Derry, led the plaintiff to believe that the statutory notice would not be required by the defendant. *Lyman* v. *Littleton,* 50 N. H. 42, 44; *Amity* v. *Orient,* 153 Me. 29, 36-38; *Embden* v. *Augusta,* 12 Mass. 306.

Consequently we answer the transferred question "Yes", that is, the Trial Court "may properly find that the actions of the Overseer of the Poor and Selectmen of the Town of Derry, which it has been assumed were communicated to the other selectmen, constitute a waiver of the formal requirements of notice provided for in the statute."

*Remanded.*

All concurred.